IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| BARBARA LYNN URBAN, ) | Case No. 09-21105 |
| ) | Chapter 7 |
| Debtor. ) | |

FILED

4:02 pm, 5/24/10

Tim J. Ellis
Clerk of Court

**OPINION ON UNITED STATES TRUSTEE'S MOTION TO DISMISS**

On March 30, 2010, the Court held an evidentiary hearing on the United States Trustee's Motion to Dismiss pursuant to 11 U.S.C. §§ 707(b)(1) and (2), or in the Alternative under 11 U.S.C. §§707(b)(1) and (3), and the objection filed by Barbara Urban ("Debtor"). The United States Trustee ("UST") was represented by Michele Hankins. The Debtor was represented by Ken McCartney. At the conclusion of the hearing, the Court allowed the Debtor to amend Form 22A and file it with the Court. Subsequently, the UST filed an objection to the Amended Form 22A. The Court, having reviewed the record, testimony and evidence, including the Amended Form 22A and the UST's objection, is prepared to rule, and for the reasons stated, grants the UST's motion to dismiss under 11 U.S.C. § 707(b)(1) and (2).

The court has jurisdiction over this chapter 7 case under 28 U.S.C. §157 and 1334.

**Facts:**

The Debtor filed for Chapter 7 bankruptcy protection on October 30, 2009. Debtor is an individual with primarily consumer debts. The Debtor scheduled the following debts: (1) secured debt in the total amount of $28,140.00; (2) non-priority unsecured debt

in the total amount of $138,805.00; and (3) no unsecured priority debt.

The Debtor also filed a Chapter 7 Statement of Current Monthly Income and Means Test Calculation (Form 22A"). The Debtor asserted that the presumption did not arise. After reviewing the Debtor's petition, schedules and Form 22A, the UST filed this motion to dismiss. The UST asserted two basis for the dismissal: (1) the presumption of abuse arises; or, (2) based on the totality of the Debtor's financial circumstances, the Debtor has an ability to pay.

The Debtor is married, but files an individual Chapter 7 bankruptcy. Her non-filing spouse is unemployed and was unemployed for all of 2009. The Debtor claims a household size of six. The Debtor lists her income as:

| | |
|---|---|
| Schedule "I" gross monthly income: | $7,911.00 |
| Original Form 22A current monthly income: | $8,564.00 |
| Amended Form 22A current monthly income: | $8,564.00 |

The median family income for a family of six in Wyoming is $94,205 (line 14). After subtracting the allowed deductions, the Debtor asserts a monthly disposable income of $70.00 (line 50) on her Original Form 22A and a negative $124.00 on the Amended Form 22A. The Debtor and non-filing spouse received a refund of $5,047 from their 2009 federal tax return, based upon her income.

**Discussion:**

(1)   Did the presumption of abuse arise?

The court may dismiss a case filed by an individual debtor, whose debts are primarily consumer debts, if it finds that the granting of relief would be an abuse of the

Page 2

provisions of Chapter 7.[1] Considering whether the granting of relief would be an abuse, the court shall presume abuse exists if the debtor's current monthly income[2] reduced by certain monthly expenses; multiplied by 60 is not less than the lesser of: 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater, or $10,950.[3] These expenses include: the applicable monthly expenses for the debtor, spouse and dependants; the actual monthly expenses for the debtor, spouse and dependants; reasonably necessary expenses incurred to maintain the safety of the debtor and the debtor's family from family violence; reasonably necessary expenses for health insurance, disability insurance, and health savings account expenditures for the debtor, spouse and dependants; and, debtor's average monthly payments on secured debts and priority claims.[4]

This Court spent considerable effort analyzing the issue of calculating a debtor's current monthly income to determine if the presumption arose in the *Kreiling*[5] case. As in that case, the UST asserts that the presumption of abuse arises, challenging the Debtor's

---

[1] 11 U.S.C. § 707(b)(1).

[2] Current monthly income is defined as the average monthly income from all sources that the debtor receives, derived during the 60-month period ending on the last day of the calendar month immediately preceding the date of the commencement of the case. 11 U.S.C. § 101(10A).

[3] 11 U.S.C. § 707(b)(2)(A)(i)(I) & (II).

[4] 11 U.S.C. § 707(b)(2)(A) (ii), (iii) & (iv).

[5] *In re Kreiling*, Case No.09-21000. *Opinion on Motion to Dismiss*. (Bankr. Wyo. April 26, 2010).

Page 3

claimed expenses on the Original Form 22A[6] as follows: (1) Debtor is paying her non-filing spouse's child support obligations in the total amount of $433.00 (Form 22A, Line 28); (2) the Debtor incorrectly amortizes the future payments on secured claims of the 2006 Dodge (Form 22A, Line 42 b.); (3) the Debtor improperly deducts $50.00 a month for priority debts while not listing any such debts on Schedule E (Form 22A, line 44); and (4) the Debtor incorrectly states the amount of necessary taxes (Form 22A, line 25).

(a)     Debtor's non-filing spouse's child support obligation.

Debtor argues that the non-filing spouse's child support obligation is a family expense and therefore should be allowed as a deduction for the purpose of determining the Debtor's monthly disposable income. The spouse is unemployed and has been for all of 2009. The testimony was that he was learning the new trade of taxidermy. He has two child support obligations for a total amount of $433.00 a month. The Debtor testified that if she does not pay his child support obligation, he would be sent to jail.

This Court does not find that the non-filing spouse's child support obligation is the Debtor's legal responsibility. More importantly, the Debtor's creditors should not be sacrificed to pay an obligation that is not the Debtor's legal obligation. The deduction is disallowed.

(b)     Amortization of the future payments of the secured claim - 2006 Dodge.

---

[6]The same issues are identical on the Amended Form 22A regarding the non-filing spouse's child support obligations as an expense; the amortization of the future payments of the secured claim for the 2006 Dodge, and the deduction for priority debts. The Amended Form 22A decreased the amount of necessary taxes and increased the Debtor's claimed deduction for health insurance.

Page 4

The calculation provided by the UST was gleaned from the reaffirmation agreement entered into by the Debtor. The calculation was not rebutted by the Debtor. Therefore the deduction should be adjusted to reflect a monthly payment of $547.

(c) <u>Priority debt deduction</u>.

The Debtor does not list any priority debt on Schedule E, nor did she testify that there was an unlisted debt. Therefore, this expense is disallowed.

(d) <u>Necessary taxes deduction</u>.

Form 22A, line 25 allows a deduction for the taxes, "such as income taxes, self employment taxes, social security taxes and Medicare taxes." As in *Kreiling*, the Court reviews the Debtor's 2009 tax return to determine the amount of taxes incurred. It appears that the Debtor over-withheld in 2009, resulting in a substantial refund. By using the 2009 total tax amount of $13,169 and including Medicare and social security taxes, the Court calculates that the amount that would be inserted on line 25 is $1,856.00.

The total adjustments to the Debtor's Form 22A are:

|  | Debtor's Original Form 22A | Debtor's Amended Form 22A | Court's allowances/calculation |
|---|---|---|---|
| Line 25 | $2,089.00 | $1,728.00 | $1,856.00 |
| Line 28 | 433.00 | 433.00 | Disallowed |
| Line 34 | 196.00 | 390.00 | Calculated per the Form 22A |
| Line 42 b. | 600.00 | 600.00 | $547.00 |
| Line 44 | 50.00 | 50.00 | Disallowed |
| Line 49 | 7,725.00 | 7,919.00 |  |
| Line 50 | 839.00 | 697.00 |  |
| Line 51 | $50,380.00 | $38,820.00 |  |

Page 5

Upon adjusting the expenses deductions and calculations, the Court finds that the presumption of abuse arises, whether the Debtor uses the Original Form 22A or the Amended Form 22A. The Debtor did not present evidence or testimony to rebut the presumption. The testimony was that the Debtor's spouse had quit his job and was learning a new trade. The Debtor did not testify to any health issues that the family was facing.

**Conclusion:**

Based upon the above analysis, the Court finds that the presumption of abuse arises under 11 U.S.C. §707(b)(1) and (2) and was not rebutted by the Debtor. Finding that the presumption of abuse arises under §707(b)(1) and (2), the Court does not find it necessary to analyze the motion to dismiss under §707(b)(1) and (3).

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered under Fed. R. Bankr. P. 9021. The Debtor will be allowed 21 days to convert to a Chapter 13 or 11 case.

DATED this _____ day of May, 2010.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge